## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| **United States of America**, <br><br>      Plaintiff, <br><br>      v. <br><br> **Michael J. Connors**, <br><br> **ProTouch Marketing, LLC**, a limited liability company, also d/b/a **Smart Day Supplements**, <br><br> **Woodford Hills, LLC**, a limited liability company, <br><br> **Oakhill Research, LLC**, a limited liability company, <br><br> **Evergreen Marketing, LLC**, a limited liability company, <br><br> **Sterling Health, LLC**, a limited liability company, and <br><br> **Clara Vista Media, LLC**, a limited liability company, <br><br>      Defendants. | Case No. 2:23-cv-475 <br><br> **Complaint for Permanent Injunction, Monetary Relief, Civil Penalties, and Other Relief** |

Plaintiff, the United States of America, acting upon notification and authorization to the Attorney General by the Federal Trade Commission ("FTC" or "Commission"), for its Complaint alleges that:

1.      Plaintiff brings this action under Sections 5(a)(1), 5(m)(1)(A), 12, 13(b), 16(a), and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(a)(1), 45(m)(1)(A), 52, 53(b), 56(a), and 57b; and Section 8023 of the Opioid

Addiction Recovery Fraud Prevention Act of 2018 ("OARFPA"), 15 U.S.C. § 45d; which authorize Plaintiff to seek, and the Court to order, permanent injunctive relief, monetary relief, civil penalties, and other relief for Defendants' violations of Sections 5 and 12 of the FTC Act and Section 8023 of OARFPA.

### SUMMARY OF THE CASE

2.      Defendant Michael Connors ("Connors") has deceptively advertised and sold Smoke Away products as an effective way to quit smoking, using a network of interrelated companies that he owns or controls, including Defendants ProTouch Marketing, LLC; Woodford Hills, LLC; Oakhill Research, LLC; Evergreen Marketing, LLC; Sterling Health, LLC; and Clara Vista Media, LLC (collectively, "Corporate Defendants"). Defendants' advertising has relied on false or unsubstantiated claims, including claims that Smoke Away products eliminate nicotine cravings and withdrawal symptoms and enable consumers to quit smoking easily and quickly.

3.      Defendants have violated both the Federal Trade Commission Act and OARFPA, which was enacted in 2018. OARFPA prohibits unfair or deceptive acts or practices with respect to any substance use disorder treatment product or substance use disorder treatment service. Because tobacco-related disorders are substance use disorders, OARFPA's prohibition applies to Defendants' advertising.

4.      This is not the first time the FTC has challenged Connors' advertising of Smoke Away. In 2005, the Commission entered into a settlement agreement with Connors and one of his then-existing companies to settle allegations concerning the advertising of Smoke Away. Connors agreed, among

other things, not to make claims about "the absolute or comparative benefits, performance, efficacy, safety, or side effects" of any smoking cessation product or program—including claims that any such product or program enables smokers to quit in 7 days or less; enables smokers to quit quickly, effortlessly, and permanently; or eliminates nicotine cravings—without competent and reliable scientific evidence substantiating those claims. *See* Stipulated Final Order for Permanent Injunction and Settlement of Claims for Monetary Relief as to Defendants Emerson Direct, Inc. d/b/a Council on Natural Health and Michael J. Connors at 4–5, *F.T.C. v. Emerson Direct, Inc.*, No. 2:05-cv-377-VMC (M.D. Fla. Aug. 10, 2005).

## JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337(a), and 1345.

6.     Venue is proper in this District under 15 U.S.C. § 53(b) and 28 U.S.C. §§ 1391(b)(1), (b)(2), (b)(3), (c)(1), (c)(2), (c)(3), and (d), and 1395(a).

## PLAINTIFF

7.     The United States of America brings this action on behalf of the FTC.

8.     The FTC is an independent agency of the United States Government created by the FTC Act. 15 U.S.C. §§ 41–58. The FTC enforces Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), which prohibits unfair or deceptive acts or practices in or affecting commerce, and Section 12 of the FTC Act, 15 U.S.C. § 52, which prohibits false advertisements for food, drugs, devices, services, or cosmetics in or affecting commerce. The FTC also enforces OARFPA, 15 U.S.C. § 45d, which prohibits unfair or deceptive acts or practices with respect to any substance use

disorder treatment service or substance use disorder treatment product.

## DEFENDANTS

9.      Defendant Michael J. Connors is the sole member of Defendants ProTouch Marketing, LLC; Woodford Hills, LLC; Evergreen Marketing, LLC; and Clara Vista Media, LLC. Moreover, each Corporate Defendant was either established by Connors or at his direction. At all times relevant to this Complaint, acting alone or in concert with others, Connors has formulated, directed, controlled, had the authority to control, or participated in the acts and practices of each Corporate Defendant, including the acts and practices set forth in this Complaint. At all times relevant to this Complaint, acting alone or in concert with others, Connors has advertised and sold Smoke Away to consumers throughout the United States. Connors has authority to review and approve all Smoke Away advertising, and he informs all employees and contractors involved in the creation and dissemination of Smoke Away advertising that he must review and approve all such advertising before it is disseminated. In connection with the matters alleged herein, Defendant Connors transacts or has transacted business in this District and throughout the United States.

10.     Defendant ProTouch Marketing, LLC, also doing business as Smart Day Supplements, is a Florida limited liability company formed in 2010 with its principal place of business at 6314 Trail Boulevard, Naples, Florida, 34108. ProTouch Marketing transacts or has transacted business in this District and throughout the United States. At all times material to this Complaint, acting alone or in concert with others, ProTouch Marketing has advertised and sold Smoke Away to consumers throughout the United States. At all times material to

this Complaint, ProTouch Markeing has managed Smoke Away advertising for all of the other Corporate Defendants, and it is the only Corporate Defendant with any employees.

11.    Defendant Woodford Hills, LLC, is a Delaware limited liability company formed in 2009 with its principal place of business at 6314 Trail Boulevard, Naples, Florida, 34108. Woodford Hills transacts or has transacted business in this District and throughout the United States. At all times material to this Complaint, acting alone or in concert with others, Woodford Hills has advertised and sold Smoke Away to consumers throughout the United States.

12.    Defendant Oakhill Research, LLC, is a Delaware limited liability company formed in 2018 with its principal place of business at 15050 Elderberry Lane, Suite 6V-21, Fort Myers, Florida, 33907. Oakhill Research transacts or has transacted business in this District and throughout the United States. At all times material to this Complaint, acting alone or in concert with others, Oakhill Research has advertised and sold Smoke Away to consumers throughout the United States.

13.    Defendant Evergreen Marketing, LLC, is a Wyoming limited liability company formed in 2013 with its principal place of business at 257 Kirtland Avenue, Naples, Florida, 34110. Evergreen Marketing transacts or has transacted business in this District and throughout the United States. At all times material to this Complaint, acting alone or in concert with others, Evergreen Marketing has advertised and sold Smoke Away to consumers throughout the United States.

14.    Defendant Sterling Health, LLC, was a Florida limited liability company formed in 2013 with its principal place of business at 257 Kirtland

Avenue, Naples, Florida, 34110. Sterling Health transacted business in this District and throughout the United States. Acting alone or in concert with others, Sterling Health advertised and sold Smoke Away to consumers throughout the United States.

15.     Defendant Clara Vista Media, LLC, is a Wyoming limited liability company formed in 2013 with its principal place of business at 6314 Trail Boulevard, Naples, Florida, 34108. Clara Vista Media transacts or has transacted business in this District and throughout the United States. At all times material to this Complaint, acting alone or in concert with others, Clara Vista Media has advertised and sold Smoke Away to consumers throughout the United States.

### COMMON ENTERPRISE

16.     Corporate Defendants have operated as a common enterprise while engaging in the deceptive and unlawful acts and practices and other violations of law alleged below. Corporate Defendants have conducted the business practices described below through an interrelated network of companies that have common ownership, officers, managers, business functions, employees, and office locations. Because these Corporate Defendants have operated as a common enterprise, each of them is liable for the acts and practices alleged below.

### COMMERCE

17.     At all times relevant to this Complaint, Defendants have maintained a substantial course of trade in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

## DEFENDANTS' BUSINESS ACTIVITIES

18.     Defendants have advertised, marketed, promoted, offered for sale, sold, and distributed products under the Smoke Away brand. These products include: (1) Smoke Away Formula 1 tablets, which contain Vitamin C, iron, iodine, sodium, and a mix of botanicals that includes alfalfa root and licorice root; (2) Smoke Away Maintenance tablets, which contain cape aloe, white oak, and other botanicals; (3) Spray Away by Smoke Away homeopathic spray; (4) Smoke Away Homeopathic Pellets; and (5) various combinations thereof, styled as "kits" (collectively, "Smoke Away"). For example, the "Basic Kit" includes Formula 1 and Maintenance and has sold for $68.85 on Amazon; the "Basic Kit Plus" adds the Homeopathic Pellets and has sold for $78.90.

19.     Defendants have advertised, marketed, promoted, offered for sale, sold, and distributed Smoke Away to consumers by means of various online channels, including websites that they own or control; retail websites, like Amazon, Walmart, and eBay; online advertising networks, like Google Search Ads and Google Display Ads; and social media platforms, like Facebook and YouTube. Defendants also have advertised, marketed, and promoted Smoke Away on the radio and through the use of text messages. Defendants also have advertised, marketed, and promoted Smoke Away by means of recorded testimonials that feature paid actors rather than bona fide Smoke Away users.

20.     The core message of Defendants' advertising is that Smoke Away products are effective smoking cessation products that eliminate nicotine cravings and withdrawal symptoms and enable smokers to quit smoking easily and quickly, including within seven days.

## Defendants' Internet Advertising

21.     Defendants have advertised Smoke Away on the Internet through several means, including (1) websites that they own or control, such as: www.SmokeAway.com; www.SmokeAway.net; www.TrySmokeAway.com; www.SmokeAwayNow.com; www.GetSmokeAwayNow.com; www.GetSmokeAwayToday.com; www.SmokingStatsNow.com; www.QuitInfo.org; and www.DigestOfHealthyLiving.com; (2) online retail websites, such as Amazon, Walmart, and eBay; (3) online advertising networks, such as Google Search Ads and Google Display Ads; and (4) social media, such as Facebook and YouTube. These materials contain the following statements and depictions, among others:

        a)     Amazon (January 26, 2021), Exhibit 1 at 2, 17–20.



***









b)      Amazon (April 5, 2022), Exhibit 2 at 29.



c)      Amazon (April 5, 2022), Exhibit 2 at 3.



[Transcript of video embedded in Amazon page:] Attention all smokers. If you're serious about kicking the habit, if you want to quickly and safely tackle your cravings for cigarettes, here is great news from the makers of Smoke Away. For less

11

than the cost of gum, patches, or prescriptions that often don't work, we'll rush to you the all-natural Smoke Away system that's sweeping the country. And we guarantee: if you're not completely satisfied and amazed with Smoke Away, it won't cost you a dime. Don't be a slave to cigarettes anymore. Quit Smoking for good. The safe way. The natural way. With the help of Smoke Away.

d)      Walmart (May 12, 2022), Exhibit 4 at 2.



e) SmokeAway.com (February 9, 2022), Exhibit 5 at 7–9.



How & Why Smoke Away Works
The All Natural Smoke Away stop smoking support system was designed to help your body deal with withdrawal systems as you go through the process of quitting as well as to help remove the chemicals and toxins that have built up in your body while you were a smoker. . . .



Fight withdrawal symptoms naturally. The all-natural herbs in Smoke Away Formula 1 work independently and synergistically to help you stay calm and comfortable in spite of the nasty withdrawal symptoms your body throws at you.

**Smoke Away Spray Away**



Spray Away provides the convenience of a spray and the strength of the homeopathic medicine to help combat urges that arise. Whenever you feel one come on, simply spray 2 or 3 times under your tongue and the fast acting formula goes to work immediately.

Spray Away provides the convenience of a spray and the strength of the homeopathic medicine to help combat urges that arise. Whenever you feel one come on, simply spray 2 or 3 times under your tongue and the fast acting formula goes to work immediately.

**Smoke Away Homeopathic Relief**





If you need temporary relief, and chances are you will, simply place three tablets of Smoke Away® Homeopathic Medicine under your tongue as soon as you need them.

If you need temporary relief, and chances are you will, simply place three tablets of Smoke Away® Homeopathic Medicine under your tongue as soon as you need them.

f)      SmokeAway.com (February 9, 2022), Exhibit 5 at 12.



[Transcript of embedded video:] I'm Deborah from Conway, South Carolina. I just want to say I am so grateful for Smoke Away. It saved my life; it saved my friendships; it saved my wallet. I have had over the last few years friends who have complained about the smoke smell in their clothing, and burning in their eyes. And I've become a bit of a pariah. And I decided when I saw it on the Internet, it looked very easy, it was guaranteed, and I thought what did I have to lose? So, I am ecstatic with the results of Smoke Away. I, after a few days, did not even look for cigarettes or crave them. It's been a month now, and since I've stopped smoking, my friends say my energy level is incredible. I look like a different person. They don't recognize me. I act like a different person. And I just want to say that I would recommend Smoke Away to anyone that wants to quit smoking. Not just try, but quit smoking. And Smoke Away, just thank you—thank you again for saving my life.

g)      SmokeAway.com (February 9, 2022), Exhibit 5 at 20.



[Transcript of embedded video:] I'm Andrew. I'm from New York. I smoked for thirty years. It's gotten so expensive. I wasn't feeling good. I was losing friends—nobody liked me. Until I found Smoke Away. Now I tried everything—the patch, the gum. You name it, I tried it. And nothing worked until I found Smoke Away. Now I have more friends. I smell good. Food tastes better. I feel much healthier. I'm jogging; I'm riding my bike; I'm playing golf. I recommend Smoke Away to anybody. Smoke Away is a great product.

h)      TrySmokeAway.com (February 9, 2022), Exhibit 8 at 1, 18, 36–37.



\*\*\*

16



Formula 1
Quitting is a battle. This army of 20+ herbs works to help you fight the nasty symptoms of withdrawal. . . .

Homeopathic Pellets
Suddenly you're craving. It happens. Cravings are unexpected, so fighting them with long-term solutions is only so effective. In those moments, our specially formulated Homeopathic Pellets are there to help you manage those cravings.

***

17





i)    SmokeAway.net (September 29, 2021), Exhibit 9 at 4–6.



***

### Now You Can Simply 'Melt Away' Those Bothersome Urges to Smoke!

Featuring a safe, natural, homeopathic formula, Smoke Away Pellets are a uniquely formulated to relieve cravings so that you can get on with your life.

Pop a couple Pellets under your tongue and feel your urge to smoke fade away.

Available in a convenient tube, it is the perfect size to have with you at all times. You can keep it in your pocket or in a purse so that it easy to get to whenever an urge strikes.

You can take it to a restaurant ... take it to the movies ... take it to the ballgame ... take it to work ... take it along during a car trip ... and much, much more.

You won't have to feel vulnerable or concerned about becoming irritable or depressed should a strong craving hit. Smoke Away Pellets lets you get rid of cravings wherever you are.

Safe, natural and effective, Smoke Away Pellets are the ultimate tool to have at your disposal if you are serious about quitting smoking, not backsliding and ensuring you receive all the health benefits that come with giving up cigarettes – like more energy, better heart health and much, much more.

19

j)      QuitInfo.org (April 21, 2021), Exhibit 10 at 2.

*An Important Message for People Who Are Fed Up With Smoking and Are Serious About Quitting …*

For 20 Years, Smokers Who Have Been Desperate to Quit Have Trusted the "Quiet Solution" … An All-Natural Smoking Cessation Program That's Sold Over 2 Million Kits Around the World …

Helped Tens of Thousands Quit
All-Natural With No Known Side Effects
Surprisingly Affordable
No Prescription Needed
Powerful Guarantee
Can Work Quickly In Most Cases
"I haven't had a cigarette for 17 years … thanks to Smoke Away."

It's easy to start smoking. It's harder to stop. A lot harder. You know that.

It's easy to start smoking. It's harder to stop. A lot harder. You know that.

There are lots of "quit smoking" solutions available … everything from hypnosis to prescriptions medicine.

Maybe you've tried some of these solutions. Maybe you haven't.

Either way, there's a "quiet solution" that's been helping millions of smokers quit … for the last 20 years.

It's called Smoke Away and it's an all-natural program that can help you quit smoking … for good … in the next 7 days.

On this page, you're going to discover more about Smoke Away. You're also going to discover why you might be struggling to quit. Hint: it's not your fault.

But first … here's an important question.



[T]here's a 'quiet solution' that's been helping millions of smokers quit … for the last 20 years.

It's called Smoke Away and it's an all-natural program that can help you quit smoking … for good… in the next 7 days. [ellipses in original]

**Defendants' Radio and Text Message Advertising**

22.     Defendants also have advertised Smoke Away on the radio. These advertisements contain the following statements, among others:

Attention all smokers. If you want a stress-free way to stop smoking all you have to do is send one quick text. That's right, just text SMOKE to 323232 right now and finally become smoke free with Smoke Away, the quit smoking program that guarantees you quit or you don't pay a penny. For over twenty years, Smoke Away has been the all-natural, nicotine-free solution helping people kick the habit quickly and safely, and without all those gums, patches, or prescriptions.

[Male Testimonial:] I've been smoking for like 30 years and tried various different ways to quit smoking which I couldn't

20

do. I tried Smoke Away and in one week I quit smoking.

[Female Testimonial:] I tried quitting many, many times—
tried everything on the market. And since the first day that I
used Smoke Away, I have not wanted a cigarette at all.

Don't let cigarettes run your life. Take control today with
Smoke Away. Text SMOKE to 323232 and finally be smoke
free. Text the word SMOKE to 323232 right now. Text SMOKE
to 323232. That's SMOKE to 323232.

23.      Defendants' radio advertisements encouraged consumers to inquire
about Smoke Away by sending a text message to Defendants. Defendants
responded to these text messages from consumers with the following messages,
among others:

Text 1: Stop smoking with Smoke Away. To try it RISK FREE,
just click the link below.

Text 2: Don't let cigarettes run your life. Take control today
with Smoke Away. Just click the link below.

Text 3: Finally kick the habit quickly and safely, and without
all those gums, patches, or prescriptions. To try Smoke Away
RISK FREE, just click the link below.

**Defendants Use Deceptive Testimonials to Advertise Smoke Away**

24.      Defendants have used video testimonials of individuals touting
success in quitting smoking using Smoke Away. These videos, disseminated on
YouTube and other websites, represent that the individuals depicted were bona
fide Smoke Away users.

25.      In truth, at least some of the individuals giving testimonials were
not bona fide Smoke Away users but rather actors that Defendants recruited.
Defendants provided the actors with a rough outline of what to say and

encouraged them to take artistic license in preparing the testimonials so that they would seem "authentic."

<b>Defendants Market Smoke Away as a<br>Substance Use Disorder Treatment Product</b>

26.     The Diagnostic and Statistical Manual of Mental Disorders, Fifth Edition, ("DSM-5") identifies tobacco-related disorders as a class of substance-related disorders. According to the DSM-5, "tobacco use disorder" is "a problematic pattern of tobacco use leading to clinically significant impairment or distress, as manifested by at least two of [eleven identified criteria], occurring within a 12-month period." Those criteria include: smoking more tobacco, or over a longer period, than intended; a persistent desire or unsuccessful efforts to cut down or control tobacco use; craving, or a strong desire or urge to use, tobacco; tobacco withdrawal; and continued tobacco use despite having persistent or recurrent social or interpersonal problems caused or exacerbated by the effects of tobacco (e.g., arguments with others about tobacco use).

27.     Defendants have marketed Smoke Away as a tobacco use disorder treatment product. Smoke Away advertising has included repeated references to a smoker's "habit" or addiction; urges or cravings; withdrawal symptoms; unsuccessful efforts to quit smoking, including the overwhelming percentage of smokers who fail to quit smoking; the desire to quit smoking; the social stigma associated with, or the interpersonal problems caused by, smoking; and the myriad benefits that will result from quitting smoking.

28.     Based on the facts and violations of law alleged in this Complaint, the FTC has reason to believe that Defendants are violating or are about to

violate laws enforced by the Commission because, among other things: Defendants engaged in their unlawful conduct repeatedly over many years; Defendants continued their unlawful conduct for over a year after learning that the FTC was investigating them; and Defendants ceased their unlawful activities only recently, months after they received a Civil Investigative Demand from the FTC, and only after FTC staff warned Defendants that each day they continued their unlawful conduct constituted a separate violation for which the FTC would seek civil penalties.

## VIOLATIONS OF THE FTC ACT

29.     Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), prohibits "unfair or deceptive acts or practices in or affecting commerce."

30.     Misrepresentations or deceptive omissions of material fact constitute deceptive acts or practices prohibited by Section 5(a) of the FTC Act.

31.     Section 12 of the FTC Act, 15 U.S.C. § 52, prohibits the dissemination of any false advertisement in or affecting commerce for the purpose of inducing, or which is likely to induce, the purchase of food, drugs, devices, services, or cosmetics. For purposes of Section 12 of the FTC Act, Smoke Away is a "drug" as defined in Section 15(c) of the FTC Act, 15 U.S.C. § 55(c).

## Count I: Deceptive Smoking Cessation Claims

32.     In numerous instances in connection with the advertising, marketing, promotion, offering for sale, or sale of Smoke Away, including through the means described in Paragraphs 21–24, Defendants have represented, directly or indirectly, expressly or by implication, that:

    a)      Smoke Away products are effective smoking cessation products;

    b)      Smoke Away eliminates nicotine cravings and withdrawal symptoms;

    c)      Smoke Away enables cigarette smokers to quit quickly, including within seven days;

    d)      Smoke Away enables cigarette smokers to quit easily;

    e)      Smoke Away enables cigarette smokers to quit permanently;

    f)      Spray Away by Smoke Away provides instant relief from nicotine cravings; and

    g)      Smoke Away Homeopathic Pellets provide instant relief from nicotine cravings.

33.    The representations set forth in Paragraph 32 are false or misleading or were not substantiated at the time the representations were made.

34.    Therefore, the making of the representations as set forth in Paragraph 32 constitutes a deceptive act or practice and the making of false advertisements in violation of Sections 5(a) and 12 of the FTC Act, 15 U.S.C. §§ 45(a), 52.

## Count II: Deceptive Testimonials

35.    In numerous instances in connection with the advertising, marketing, promotion, offering for sale, or sale of Smoke Away, including through the means described in Paragraphs 21, 24–25, Defendants have represented, directly or indirectly, expressly or by implication, that the persons depicted in the video testimonials that appear on Defendants' websites and on

YouTube—including the persons identified as Julia, Deborah, and Andrew—are bona fide Smoke Away users who have successfully used Smoke Away to quit smoking.

36.     In truth and in fact, at least some of the persons who appear in these videos—including the persons identified as Julia, Deborah, and Andrew—are actors whom Defendants recruited and paid for their on-screen appearances, and who did not use Smoke Away to quit smoking as represented in the videos.

37.     Therefore, the making of the representations as set forth in Paragraph 35 constitutes a deceptive act or practice and the making of false advertisements in violation of Sections 5(a) and 12 of the FTC Act, 15 U.S.C. §§ 45(a), 52.

### VIOLATIONS OF THE OPIOID ADDICTION RECOVERY FRAUD PREVENTION ACT OF 2018

38.     The Opioid Addiction Recovery Fraud Prevention Act of 2018 ("OARFPA"), Pub. L. No. 115-271, 132 Stat. 4082 (codified at 15 U.S.C § 45d), was enacted on October 24, 2018. OARFPA prohibits unfair or deceptive acts or practices with respect to any substance use disorder treatment service or substance use disorder treatment product. 15 U.S.C. § 45d(a). Section 8022 of OARFPA defines "substance use disorder treatment product" to mean "a product for use or marketed for use in the treatment, cure, or prevention of a substance use disorder, including an opioid use disorder." Pub. L. No. 115-271 § 8022, 132 Stat. 4082.

39.     As described in Paragraphs 26–27, Defendants have marketed Smoke Away as a substance use disorder treatment product.

40.     OARFPA provides that a violation of 15 U.S.C. § 45d(a) shall be treated as a violation of a rule under Section 18(a) of the FTC Act, 15 U.S.C. § 57a(a), regarding unfair or deceptive acts or practices. 15 U.S.C. § 45d(b)(1).

41.     Section 19(b) of the FTC Act, 15 U.S.C. § 57b(b), and Section 8023(b) of OARFPA, 15 U.S.C. § 45d(b), authorize this Court to grant such relief as the Court finds necessary to redress injury to consumers resulting from Defendants' violations of OARFPA.

42.     Defendants have been making deceptive substance use disorder treatment claims since at least October 24, 2018, when OARFPA was enacted, and continued to do so, even after OARFPA's passage. In addition, on May 5, 2021, Commission staff specifically notified Defendants, through counsel, that Smoke Away products are substance use disorder treatment products as defined by OARFPA, and that any deception in the marketing of the Smoke Away products could render Defendants liable for civil penalties under OARFPA.

43.     Defendants violated OARFPA, as described below, with the knowledge required by Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A).

44.     Each dissemination of an advertisement in which Defendants violated OARFPA by making one or more of the deceptive representations described below after October 24, 2018, constitutes a separate violation for which Plaintiff seeks monetary civil penalties.

45.     Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A), authorizes this Court to award monetary civil penalties for each violation of OARFPA.

**Count III: Deceptive Smoking Cessation Claims With Respect to a**

**Substance Use Disorder Treatment Product**

46.    In numerous instances in connection with the advertising, marketing, promotion, offering for sale, or sale of Smoke Away, including through the means described in Paragraphs 21–24, Defendants have represented, directly or indirectly, expressly or by implication, that:

a)    Smoke Away products are effective smoking cessation products;

b)    Smoke Away eliminates nicotine cravings and withdrawal symptoms;

c)    Smoke Away enables cigarette smokers to quit quickly, including within seven days;

d)    Smoke Away enables cigarette smokers to quit easily;

e)    Smoke Away enables cigarette smokers to quit permanently;

f)    Spray Away by Smoke Away provides instant relief from nicotine cravings; and

g)    Smoke Away Homeopathic Pellets provide instant relief from nicotine cravings.

47.    The representations set forth in Paragraph 46 are false or misleading or were not substantiated at the time the representations were made.

48.    Therefore, the making of the representations as set forth in Paragraph 46 constitutes a deceptive act or practice with respect to a substance use disorder treatment product in violation of Section 8023(a) of OARFPA, 15 U.S.C. § 45d(a).

## Count IV: Deceptive Testimonials With Respect to a
## Substance Use Disorder Treatment Product

49.     In numerous instances in connection with the advertising, marketing, promotion, offering for sale, or sale of Smoke Away, including through the means described in Paragraphs 21, 24–25, Defendants have represented, directly or indirectly, expressly or by implication, that the persons depicted in the video testimonials that appear on Defendants' websites and on YouTube—including the persons identified as Julia, Deborah, and Andrew—are bona fide Smoke Away users who have successfully used Smoke Away to quit smoking.

50.     In truth and in fact, at least some of the persons who appear in these videos—including the persons identified as Julia, Deborah, and Andrew—are actors whom Defendants recruited and paid for their on-screen appearances, and who did not use Smoke Away to quit smoking as represented in the videos.

51.     Therefore, the making of the representations as set forth in Paragraph 49 constitutes a deceptive act or practice with respect to a substance use disorder treatment product in violation of Section 8023(a) of OARFPA, 15 U.S.C. § 45d(a).

### CONSUMER INJURY

52.     Consumers are suffering, have suffered, and will continue to suffer substantial injury as a result of Defendants' violations of the FTC Act and OARFPA. Absent injunctive relief by this Court, Defendants are likely to continue to injure consumers and harm the public interest.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff requests that the Court:

A.      Enter a permanent injunction to prevent future violations of the FTC Act and OARFPA by Defendants;

B.      Award Plaintiff monetary civil penalties from Defendants for each violation of OARFPA alleged in this Complaint;

C.      Award monetary and other relief within the Court's power to grant; and

D.      Award any additional relief as the Court determines to be just and proper.

Respectfully submitted,

Dated:   June 29, 2023                For the **UNITED STATES OF AMERICA**

**BRIAN M. BOYNTON**
Principal Deputy Assistant Attorney
General, Civil Division

**ARUN G. RAO**
Deputy Assistant Attorney General,
Civil Division

**AMANDA N. LISKAMM**
Director, Consumer Protection Branch

**GABRIEL H. SCANNAPIECO**
Assistant Director, Consumer
Protection Branch


/s/ Mary M. Englehart
**MARY M. ENGLEHART**
Senior Trial Attorney
Consumer Protection Branch
U.S. Department of Justice
P.O. Box 386
Washington, DC 20044-0386
Telephone: 202-307-0088
Fax: 202-514-8742
Email: Megan.Englehart@usdoj.gov

For the **FEDERAL TRADE COMMISSION**

/s/ Serena Viswanathan

**SERENA VISWANATHAN**
Associate Director

**RICHARD A. QUARESIMA**
Assistant Director

**RAFAEL REYNERI**
**SHIRA D. MODELL**
Attorneys

Federal Trade Commission
600 Pennsylvania Ave., NW
Washington, DC 20580
Telephone: (202) 326-3026
Fax: (202) 326-3259
Email: rreyneri@ftc.gov
Email: smodell@ftc.gov

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on June 29, 2023, I caused a true and correct copy of the above-entitled Joint Motion for Entry of Stipulated Order to be served by electronic mail to counsel for Defendants as follows:

Alexandra Megaris
Venable LLP
1270 Avenue of the Americas, Floor 25
New York, NY 10020
Telephone: (212) 370-6210
Email: amegaris@venable.com

/s/ Mary M. Englehart
**MARY M. ENGLEHART**
Senior Trial Attorney
Consumer Protection Branch
U.S. Department of Justice
P.O. Box 386
Washington, DC 20044-0386
Telephone: 202-307-0088
Fax: 202-514-8742
Email: Megan.Englehart@usdoj.gov